**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No.

SHAYLEY DUMPERT, VICTORIA SHELLADY,
EVA SPIEGEL, WHITNEY SHERIFF,

Plaintiffs,

vs.

LUSH COSMETICS, LLC dba LUSH HANDMADE
COSMETICS, a foreign corporation,

Defendant.

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant LUSH COSMETICS, LLC ("Lush") hereby removes the above-captioned action filed by Plaintiffs SHAYLEY DUMPERT, VICTORIA SHELLADY, EVA SPIEGEL and WHITNEY SHERIFF (collectively, "Plaintiffs") from the Colorado State District Court, Boulder County, to this court.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and removal is proper under 28 U.S.C. §§ 1441 and 1446, because this is civil action between citizens of different states and/or citizens of a state and citizens of a foreign state, and amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. CLAIMS AND PROCEDURAL HISTORY

2. On April 7, 2023, Plaintiffs commenced this action against Lush by filing a Complaint in Boulder County District Court in the State of Colorado, entitled *Shayley Dumpert, Victoria Shellady, Eva Spiegel and Whitney Sheriff v. Lush Cosmetics, LLC dba Lush Handmade*

*Cosmetics, a foreign corporation*, State Case No. 2023CV30250 ("State Court Action").[1] (Complaint ("Compl."), attached hereto as **Exhibit 1**; Declaration of Melissa L. Cizmorris ("Cizmorris Decl."), ¶ 3) attached hereto as **Exhibit 5**).

3. In their Complaint, Plaintiffs allege two causes of action against Lush related to their employment: (1) discrimination, disparate treatment and sex harassment in violation of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a); and (2) retaliation in violation of the Colorado Anti-Discrimination Act C.R.S. § 24-34-402(1)(e). (*See generally*, Ex. 1.)

4. On April 12, 2023, Lush was served with a copy of Plaintiffs' Summons and Complaint. (Proof of Personal Service, attached hereto as **Exhibit 2**; Ex. 5, Cizmorris Decl. ¶ 4.)

## III. BASIS FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over the State Court Action based on diversity of citizenship under 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §§ 1441 and 1446, the State Court Action may be removed to this Court because it is a civil action between citizens of different states and/or citizens of a state and citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists.

6. Jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). *See also Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (Diversity of citizenship is evaluated at both the time the lawsuit was filed and at the time of removal.).

---

[1] Plaintiffs allege that they each dual filed an administrative charge of discrimination against Lush with the Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division ("CCRD") on May 20, 2023 and received a Notice of Right to Sue from the EEOC on January 31, 2023. (Ex. 1, Compl. ¶¶ 11-16.)

**i. Plaintiffs Are All Citizens of Colorado.**

7. A person is a citizen of the state in which he or she domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) "A person's domicile is her permanent home, where she resided with the intention to remain or to which she intends to return." *Id*. (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.W. 30, 48 (1989)).

8. Plaintiffs allege in their Complaint that they are each residents of and domiciled in the State of Colorado. (Ex. 1, Compl., ¶¶ 1-4.)

**ii. Lush is not a Citizen of Colorado.**

9. For purposes of diversity jurisdiction, a corporation is a "citizen" both of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation created under the laws of a foreign state is deemed to be a citizen of the foreign state. *Id.*; *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002).

10. Lush is, and was at the time the State Court Action was filed, a limited liability company incorporated and existing under the laws of the state of Delaware. (*See* Declaration of Jessica Kauppi ("Kauppi Decl."), ¶ 3, attached hereto as **Exhibit 6**; Ex. 1, Compl., ¶ 5).

11. Lush does not maintain a principal place of business in Colorado. (Ex. 6, Kauppi Decl., ¶3.) None of Lush's key corporate divisions and officers, who are generally responsible for directing, controlling and coordinating the vast majority of Lush's corporate activities and operations, operate in Colorado. *Id.* There are no high-level managers or executives located in the state of Colorado. *Id.* There are no business or financial activities operating out of the state of Colorado. Lush's only presence in the state of Colorado are its retail stores. *Id.*

12. Thus, Lush is not a citizen of Colorado within the meaning of 28 U.S.C. § 1332(a).

13. Therefore, Complete diversity of citizenship exists because: (1) Plaintiffs are citizens of the state of Colorado; and (2) Lush is not a citizen of Colorado.

**B. The Amount In Controversy Exceeds $75,000.**

14. Section 1332 states, in relevant part, that diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…."

15. Whether the amount in controversy requirement has been satisfied is generally determined from the face of the plaintiff's complaint. *See St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Id.*; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *Symes v. Harris*, 472 F.3d 754, 759 (10th Cir. 2006).

16. Where the plaintiff does not plead a specific amount of damages, removing party need only allege a plausible allegation that the jurisdictional threshold has been met (i.e. no evidentiary proof of the amount in controversy is required). *Dart Cherokee Basin Operating Co. LLC et al. v. Brandon W. Owens*, 135 S. Ct. 547, 549 (2014); *see also Symes*, 472 F.3d at 759.

17. The Complaint does not seek a precise *or* maximum amount of damages. Instead, Plaintiffs allege that they are entitled to past and future economic and compensatory damages (including lost income), emotional distress damages, statutory damages, punitive damages,[2]

[2] *See, Vasquez v. Arvato Digital Servs.*, No. 11-CV-02836, 2011 WL 2560261, at *4 (C.D. Cal. June 27, 2011) ("…the Court may consider punitive damages when determining the amount in controversy.").

interest, attorneys' fees and costs as provided in C.R.S. § 24-34-405. (*Id.*; Compl., ¶¶ 131, 142, Prayer for Relief).

18. Plaintiff Shayley Dumpert was employed by Lush as Floor Leader in Boulder, Colorado from July 1, 2021 to November 21, 2021. As of 2021, she earned approximately $33,400 per year ($17.85 per hour, 36 hour average per week). (*See* Ex. 6, Kauppi Decl., ¶ 5.)

19. Plaintiff Victoria Shellady was employed by Lush as Store Manager in Boulder, Colorado from July 12, 2021 to November 19, 2021. As of 2021, she earned approximately $59,000 per year. (*See* Ex. 6, Kauppi Decl., ¶ 6.)

20. Plaintiff Eva Spiegel was employed by Lush as Floor Leader in Boulder, Colorado from June 4, 2021 to November 21, 2021. As of 2021, she earned approximately $33,400 per year ($17.85 per hour, 36 hour average per week). (*See* Ex. 6, Kauppi Decl., ¶ 7.)

21. Plaintiff Whitney Sheriff was employed by Lush as Floor Leader in Boulder, Colorado from June 4, 2021 to November 21, 2021 As of 2021, she earned approximately $33,400 per year ($17.85 per hour, 36 hour average per week). (*See* Ex. 6, Kauppi Decl., ¶ 8.)

22. Conservatively estimating that Plaintiffs each only sought: (a) one year of lost income wages; (b) an award of emotional distress equal to one year of lost wages; and (c) a minimal amount of punitive damages—such as one times the amount of their alleged lost income damages—this would easily exceed the jurisdictional threshold amount for each:

a. Plaintiff Shayley Dumpert: $33,400 x 3 = $100,200

b. Plaintiff Victoria Shellady: $59,000 x 3 = $177,000

c. Plaintiff Eva Spiegel: $33,400 x 3 = $100,200

d. Plaintiff Whitney Sheriff: $33,400 x 3 = $100,200

23. Plaintiffs also seek attorneys' fees and costs as authorized by statute, C.R.S. § 24-34-405(5), which only add to the amount in controversy well above the jurisdictional threshold. *See Millman v. State Farm Fire & Cas. Co.*, 2021 WL 3206308, at *2 (D. Colo. July 29, 2021) (the amount in controversy for purposes of diversity jurisdiction includes attorneys' fees if authorized by statute or contract).

24. Therefore, while Lush vehemently denies Plaintiffs' factual allegations and denies that Plaintiffs are entitled to the relief for which they have prayed, it is unquestionable that the maximum *potential* value of Plaintiffs' claims as alleged puts into controversy an amount well in excess of $75,000 as required by 28 U.S.C. §§ 1332(a).

## IV. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

25. Timeliness of Removal: This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of April 12, 2023, the date Lush was served with the Summons and Complaint. *See, Murphy Bros. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344, 348 (1999) (the 30-day removal period runs from the service of the summons and complaint).

26. Removal to Proper Court; Venue: Venue lies in the U.S. District of Colorado pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiffs originally brought the State Court Action in the District Court for the State of Colorado, County of Boulder. Therefore, pursuant to 28 U.S.C. § 84(c)(2), this Notice of Removal is properly filed in the U.S. District of Colorado.

27. Joinder: All named defendants seek removal. 28 U.S.C. § 1446(b)(2)(A).

28. Notice to Court and Parties: Contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Colorado, written notice of such filing will be served on Plaintiffs' attorneys of record, Rathod Mohamedbhai, LLC 2701 Lawrence Street, Suite 100, Denver, CO 80205. In addition, a copy of this Notice of Removal will be filed

with the Clerk of the District Court of the state of Colorado for the County of Boulder in the form attached hereto as Exhibit 4 (attached to which will be a file stamped copy of this Notice of Removal and all of its exhibits).

29. Pleadings and Process: Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal, as follows:

| **EX** | **DOCUMENT** |
|---|---|
| **1** | Complaint and District Court Civil Summons on Complaint |
| **2** | Proof of Service by Personal Service (4/12/2023) |
| **3** | Docket Sheet |
| **4** | Civil Case Cover Sheet |
| **5** | State Court Notice of Removal |
| **6** | Declaration of Melissa L. Cizmorris |
| **7** | Declaration of Jessica Kauppi |

WHEREFORE, Lush respectfully requests that the District Court of the State of Colorado for the County of Boulder proceed no further in this action and that this action be removed to the United States District Court for the District of Colorado. If any question arises regarding the propriety of the removal of this action, Lush respectfully requests the opportunity to submit any such additional argument or evidence in support of removal of this action.

*(left intentionally blank)*

Respectfully submitted on May 12, 2023.

*/s/ Melissa L. Cizmorris*
Melissa L. Cizmorris
**AKERMAN LLP**
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: melissa.cizmorris@akerman.com

Caroline Powell Donelan *(Admission forthcoming)*
**Blank Rome LLP**
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434
Email: caroline.donelan@blankrome.com

*Attorneys for Defendant Lush Cosmetics, LLC*

**CERTIFICATE OF SERVICE**

I certify on May 12, 2023, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed electronically via CM/ECF and served via U.S. Mail on the following:

Azra Taslimi
Siddhartha Rathod
Rathod Mohamedbhai LLC
2701 Lawrence Steet, Suite 100
Denver, Colorado 80205

*Attorneys for plaintiffs Shayley Dumpert,*
*Victoria Shellady, Eva Spiegel, and Whitney Sheriff*

*/s/ Joanna A. Seiner*
Joanna A. Seiner