23UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:23-cv-01206-NRN

SHAYLEY DUMPERT, VICTORIA SHELLADY,
EVA SPIEGEL, WHITNEY SHERIFF,

    Plaintiffs,

    vs.

LUSH COSMETICS, LLC dba LUSH HANDMADE
COSMETICS, a foreign corporation,

    Defendant.

## ANSWER TO COMPLAINT

Defendant Lush Cosmetics, LLC d/b/a Lush Handmade Cosmetics (**LUSH**) answers plaintiffs' Shayley Dumpert, Victoria Shellady, Eva Spiegel, and Whitney Sheriff's complaint.

## NATURE OF THE CLAIMS

Lush denies the contents of the "Nature of the Claims" paragraph as stated. Lush admits Shayley Dumpert, Eva Spiegel, Whitney Sheriff, Logan Hampton, Victoria Shellady, Caity Yarbrough, Beka Morgan, and Stephen Dynes are or were employed by Lush at all times relevant to this Complaint. Lush further admits Ms. Shellady's employment with Lush was terminated by Lush, but it specifically denies she was terminated for reporting harassment. Lush further states its Ethical Charter is a writing that speaks for itself and it denies any allegations inconsistent with the terms of that writing. Except as admitted, Lush denies all remaining allegations in the "Nature of the Claims" paragraph.

1

## PARTIES, JURISDICTION, AND VENUE

1. Lush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 and therefore denies the same.

2. LUSH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 and therefore denies the same.

3. Lush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 and therefore denies the same.

4. Lush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 and therefore denies the same.

5. Lush admits that it is registered to do business in the state of Colorado and that it has retail operations in the State of Colorado. Except as admitted, Lush denies all remaining allegations in paragraph 5.

6. Admit.

7. Admit.

8. The allegations in paragraph 8 are legal conclusions, to which no response is required. To the extent a response is required, Lush admits.

9. The allegations in paragraph 9 are legal conclusions, to which no response is required. To the extent a response is required, Lush denies that Boulder County District Court for the State of Colorado has jurisdiction over this matter.

10. The allegations in paragraph 10 are legal conclusions, to which no response is necessary. To the extent a response is required, Lush denies that venue is proper in the Boulder County District Court for the State of Colorado.

## ADMINISTRATIVE EXHAUSTION

11. Lush admits upon information and belief.

12. Lush admits the EEOC requested it file a position statement in response to the Charges of Discrimination filed by Plaintiffs. Lush does not have sufficient knowledge or belief to admit or deny actions of the CCRD or EEOC as it relates to any specific Charge of Discrimination, and on that basis denies the remaining allegations in paragraph 12 of the Complaint.

13. Deny.

14. Lush states the Charges of Discrimination filed by Plaintiffs are writings which speak for themselves. Lush denies all allegations inconsistent with the contents of those Charges of Discrimination.

15. Lush admits upon information and belief.

16. Lush admits upon information and belief.

## FACTUAL ALLEGATIONS

17. Admit.

18. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 18, and on that basis denies.

19. Admit.

20. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 20, and on that basis denies.

21. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 21, and on that basis denies.

22. Admit.

23. Admit.

24. Deny as stated. Lush admits Ms. Spiegel continued to work at Lush in Houston as a staff member until May 2019. Lush does not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 24, and on that basis denies.

25. Deny as stated. Lush does not have any record of any specific person "requesting" Ms. Spiegel apply to work at the Lush retail store in Boulder, CO ("**Lush Boulder**").

26. Lush admits it hired Ms. Spiegel in June 2021 as a sales associate.

27. Deny as stated. Lush admits that in June 2021, the only employees employed at Lush Boulder with prior experience at Lush were Ms. Spiegel and Mr. Hampton. Lush further admits Mr. Hampton was working at Lush Boulder in June 2021, but denies he ever held the title of "Interim Store Manager." At all times relevant to the Complaint, Mr. Hampton was a "Manager in Training."

28. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 28, and on that basis denies.

29. Lush admits upon information and belief.

30. Admit.

31. Admit.

32. Lush admits that in June 2020, it issued an Action Plan to address diversity and inclusion at Lush. Lush further states the text of that Action Plan is a writing that speaks for itself, and Lush denies any allegations inconsistent with the plain text of the Action Plan.

33. Deny.

4

34. Deny.

35. Deny.

    a. Deny.

    b. Deny.

    c. Deny.

    d. Deny.

    e. Deny.

    f. Deny.

    g. Deny.

36. Admit.

37. Deny.

38. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 38, and on that basis denies.

39. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 39, and on that basis denies.

40. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 40, and on that basis denies.

41. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 41, and on that basis denies.

42. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 42, and on that basis denies.

43. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 43, and on that basis denies.

44. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 44, and on that basis denies.

45. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 45, and on that basis denies.

46. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 46, and on that basis denies.

47. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 47, and on that basis denies.

48. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 48, and on that basis denies.

49. Deny.

50. Deny.

51. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 51, and on that basis denies.

52. Deny.

53. Deny as stated.  Lush states Mr. Hampton was on medical leave from October 10, 2021, to November 3, 2021.  Lush denies all other allegations in the complaint not specifically admitted.

54. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 54, and on that basis denies.

55. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 55, and on that basis denies.

56. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 56, and on that basis denies.

57. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 57, and on that basis denies.

58. Deny as stated. Lush admits Ms. Shellady sent an email to Ms. Yarbrough on October 28, 2021 (the "**October 28 Email**"), and that such email contained attachments with documents purported to be written by Ms. Dumpert and Ms. Spiegel. The email is a writing which speaks for itself, and Lush denies any allegations inconsistent with the October 28 Email.

59. The October 28 Email is a writing which speaks for itself, and Lush denies any allegations inconsistent with the October 28 Email.

   a. The October 28 Email and its attachments are writings which speaks for themselves, and Lush denies any allegations inconsistent with the October 28 Email and/or any attachments thereto.

   b. The October 28 Email and its attachments are writings which speaks for themselves, and Lush denies any allegations inconsistent with the October 28 Email and/or any attachments thereto.

   c. The October 28 Email and its attachments are writings which speaks for themselves, and Lush denies any allegations inconsistent with the October 28 Email and/or any attachments thereto.

60. Deny as stated. Ms. Yarbrough made an emailed introduction between Ms. Shellady and Beka Morgan on November 2, 2021. Ms. Morgan's title at Lush at all relevant times was "Market Leader."

61. Admit.

62. Deny.

63. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 63, and on that basis denies.

64. Deny.

65. Deny.

66. Deny.

67. Deny as stated. Lush admits Ms. Morgan discussed with Ms. Shellady the need to complete a SMART Plan for Mr. Hampton. Lush denies all remaining allegations in paragraph 67.

68. Deny.

69. Deny.

70. Deny as stated. Lush admits Mr. Hampton was on medical leave. Lush denies all remaining allegations in paragraph 70.

71. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 71, and on that basis denies.

72. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 72, and on that basis denies.

73. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 73, and on that basis denies.

74. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 74, and on that basis denies.

75. Deny as stated. Lush admits that Ms. Dumpert submitted a letter of resignation on November 9, 2021, to Ms. Shellady. Ms. Dumpert's letter of resignation indicated her last day at Lush Boulder would be November 30, 2021. Lush does not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 75, and on that basis denies.

76. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 76, and on that basis denies.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny as stated. Lush admits it was notified of a potential "staff walk-out" of the store. Lush denies all remaining allegations in paragraph 81.

82. Deny.

83. Deny.

84. Admit.

85. Deny.

86. Deny.

9

87. Deny as stated. Lush denies Ms. Morgan, Ms. Yarbrough, or Mr. Dynes characterized any allegations made by Ms. Shellady as "mere drama rather than legitimate concerns." Lush does not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 87, and on that basis denies.

88. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 88, and on that basis denies.

89. Deny.

90. Deny.

91. Deny.

92. Deny as stated. Lush admits Ms. Shellady notified Lush of the Lush Boulder staff's intention to engage in a "walk out." Lush denies the remaining allegations in paragraph 92.

93. Deny.

94. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 94, and on that basis denies.

95. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 95, and on that basis denies.

96. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 96, and on that basis denies.

97. Lush does not have sufficient knowledge or information to admit or deny the allegations in paragraph 97, and on that basis denies.

98. Deny as stated. Lush admits it learned the staff of Lush Boulder would walk out on or about November 19, 2021. Lush does not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 98, and on that basis denies.

99. Deny as stated. Lush admits Ms. Shellady emailed Ms. Yarbrough on November 19, 2021 (the "**November 19 Email**"). The November 19 Email is a writing that speaks for itself, and Lush denies all allegations inconsistent with the text of the November 19 Email. Lush denies all remaining allegations in paragraph 99 of the Complaint.

100. Admit.

101. The November 19 Email is a writing that speaks for itself, and Lush denies all allegations inconsistent with the text of the November 19 Email.

102. Deny as stated. Lush admits Ms. Shellady attempted to contact both Olivia Prothe and Tania Flores on November 19, 2021, and that she spoke with both Ms. Prothe and Ms. Flores on that date. Lush further admits that at all relevant times, Ms. Prothe was the manager at a Lush retail location in Lone Tree, CO, and that Ms. Flores is the manager at a Lush retail location in Denver, CO. Lush denies all remaining allegations in paragraph 102.

103. Deny as stated. Lush admits Ms. Shellady notified Ms. Prothe and Ms. Flores of her appointment at some point during the afternoon and/or early evening of November 19, 2021. Lush denies all remaining allegations in paragraph 103.

104. Deny as stated. Lush admits Ms. Shellady spoke with Shelby Clough and Samantha Trapp on November 19, 2021. Lush denies all remaining allegations in paragraph 104.

105. Deny as stated. Lush admits Ms. Shellady spoke with Ms. Prothe and/or Ms. Flores, and that Ms. Flores would open Lush Boulder on November 20, 2021. Lush does not have

sufficient knowledge or information to admit or deny the remaining allegations in paragraph 105, and on that basis denies.

106.   Admit.

107.   Admit.

108.   Deny.

109.   Deny as stated.  Lush admits it turned off Ms. Shellady's access to her Lush email account at or around the time of her termination.  Lush does not have sufficient knowledge or information to admit or deny the contents of any emails alleged in paragraph 109, and on that basis denies.

110.   Deny.

## NATIONAL LABOR RELATIONS BOARD AND CCRD CHARGES

111.   Admit.

112.   The NLRB Complaint is a writing that speaks for itself.  Lush denies any allegations inconsistent with the text of the NLRB Complaint.

113.   Admit.

114.   Deny.

115.   Deny.

116.   Deny.

117.   Deny.

118.   Deny.

119.   Deny.

120.   Deny.

12

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Discrimination in Violation of the Colorado Anti-Discrimination Act**
**Disparate Treatment and Harassment Based on Sex**
**C.R.S. § 24-34-402(1)(a)**

121. Lush incorporates all paragraphs of this Answer as though fully set forth herein.

122. The allegations in paragraph 122 are legal conclusions to which no response is necessary. To the extent a response is deemed required, Lush admits.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

### SECOND CLAIM FOR RELIEF
**Colorado Anti-Discrimination Act**
**Retaliation**
**C.R.S. § 24-34-402(1)(e)**

132. Lush incorporates all paragraphs of this Answer as though fully set forth herein.

133. The allegations in paragraph 133 are legal conclusions to which no response is necessary. To the extent a response is deemed required, Lush admits.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Deny.

143. Lush denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint does not state a claim against Lush upon which relief may be granted.

2. The Complaint does not state facts sufficient to allege a violation of the Colorado Anti-Discrimination Act.

3. All actions taken by LUSH were for lawful, non-discriminatory, and for legitimate and compelling business reasons.

4. The Complaint is barred and this Court lacks jurisdiction, because one or more Plaintiffs and Lush have agreed to arbitrate the claims as alleged in the complaint.

5. The Complaint is barred, in whole or in part, because Plaintiffs did not engage in protected conduct as necessary to maintain the claims alleged in the Complaint.

6. Lush believes further investigation and discovery will reveal that the Complaint, and each purported cause of action, is barred, in whole or in part, by the doctrine of consent.

7. The Complaint is barred, in whole or in part, because even if Plaintiffs could establish that any of the allegations set forth in the Complaint were motivated by a potentially illegitimate motive, Lush would have made the same decision and/or taken the same action even if Lush had not taken the alleged illegitimate motive into account.

8. The Complaint is barred, in whole or in part, because Lush exercised reasonable care to prevent and correct promptly any alleged wrongful behavior, and Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendant, or to otherwise avoid harm.

9. Lush has insufficient knowledge or information from which to form a belief as to whether it may have as-yet-unstated affirmative defenses available. Lush reserves the right to assert defenses not set forth herein that become available or apparent after further investigation and discovery and to amend this answer or offer evidence accordingly, including without limitation at trial.

WHEREFORE, Lush requests the court enter judgment in its favor, award it its reasonable attorneys' fees and costs, and grant such other and further relief as the court deems proper.

[intentionally left blank]

Respectfully submitted May 19, 2023.

          */s/ Melissa L. Cizmorris*
          Melissa L. Cizmorris
          **AKERMAN LLP**
          1900 Sixteenth Street, Suite 950
          Denver, Colorado 80202
          Telephone:  (303) 260-7712
          Facsimile:  (303) 260-7714
          Email: melissa.cizmorris@akerman.com

          Caroline Powell Donelan *(Admission forthcoming)*
          **Blank Rome LLP**
          2029 Century Park East | 6th Floor
          Los Angeles, CA 90067
          Telephone: (424) 239-3400
          Facsimile: (424) 239-3434
          Email: caroline.donelan@blankrome.com

          *Attorneys for Defendant Lush Cosmetics, LLC*

## **CERTIFICATE OF SERVICE**

I certify on May 19, 2023, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was filed and served via CM/ECF on the following:

Azra Taslimi
Siddhartha Rathod
RATHOD MOHAMEDBHAI LLC
2701 Lawrence Steet, Suite 100
Denver, Colorado 80205

*Attorneys for plaintiffs Shayley Dumpert, Victoria Shellady, Eva Spiegel, and Whitney Sheriff*

*/s/ Melissa L. Cizmorris*
Melissa L. Cizmorris

70563157;1