IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

SHAYLEY DUMPERT, VICTORIA SHELLADY,
EVA SPIEGEL, WHITNEY SHERIFF,

        Plaintiffs,

        vs.

LUSH COSMETICS, LLC dba LUSH HANDMADE
COSMETICS, a foreign corporation,

        Defendant.

## SCHEDULING ORDER

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A scheduling conference in this case was held on August 2, 2023, at 11:00 a.m. via telephone conference. The parties were represented at the conference as follows:

**For Plaintiffs:**

Siddhartha Rathod
Azra Taslimi
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
sr@rmlawyers.com
at@rmlawyers.com

**For Defendant:**
Caroline Powell Donelan
Blank Rome LLP
2029 Century Park East | 6th Floor
Los Angeles, CA 90067

(424) 239-3400
caroline.donelan@blankrome.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because this is civil action between citizens and corporations of different states and/or citizens and corporations of a state and citizens of a foreign state, and amount in controversy exceeds $75,000, exclusive of interest and costs. Here, 1) Plaintiffs allege in the Complaint each is a citizen of the State of Colorado; Defendant is a limited liability corporation, incorporated and existing under the laws of Delaware, its sole member is Lush Handmade Cosmetics, Inc. with its principal place of business in Vancouver, Canada, and the members of Lush Cosmetics, LLC are in Vancouver, Canada; and 2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs:**

Plaintiffs are young women who were employed by LUSH Boulder. During their employment, Ms. Dumpert, Spiegel, and Sheriff experienced sex-based harassment and bullying from their manager-in-training, Logan Hampton. They reported the harassment to their manager, Victoria Shellady, who communicated the concerns to LUSH corporate managers. However, instead of investigating the complaints or addressing the harassment, LUSH chose to dismiss the complaints as mere staff drama, effectively ignoring the issue.

Distressed by LUSH's lack of response, Mses. Sheriff, Dumpert and Spiegel decided to take action by leaving the store during their shift, hoping to draw corporate

2

attention to their situation and compel LUSH to take their concerns seriously and address the hostile work environment. Instead, LUSH retaliated against them and terminated their employment. LUSH also terminated Ms. Shellady on pretextual grounds of "multiple policy violations." When Ms. Shellady asked which policies she had violated, LUSH management cited "poor staff management."

Plaintiffs assert claims against LUSH for engaging in discriminatory practices. These practices include subjecting them to sexual harassment, creating a hostile work environment, and retaliating against them in violation of the Colorado Anti-Discrimination Act (CADA).

**Defendant:**

Defendant disputes and denies the allegations of wrongdoing contained in Plaintiffs' complaint and denies that any act or omission on Defendant's part caused Plaintiffs any harm. Defendant further denies that Plaintiffs are entitled to any damages in this case.

First, Plaintiffs Shayley Dumpert, Eve Spiegel, and Whitney Sheriff never suffered any adverse employment actions. Defendant never terminated Plaintiffs Shayley Dumpert, Eve Spiegel, or Whitney Sheriff. To the contrary, each employee was expressly told that they were not being terminated following a staff "walk-out" in November 2021 as described in the Complaint.  Regardless, each voluntarily resigned their positions with Defendant and thus any claim based on any alleged adverse employment actions must fail.

Only Plaintiff Victoria Shellady was terminated by Defendant, and she was terminated for legitimate, nondiscriminatory business reasons. Namely, it was discovered and reported by another manager covering Ms. Shellady's store that Ms. Shellady had left the store unsecured and in complete disorder, including but not limited to, the till being left in the cash register and no alarm being set at the end of the prior shift. The general disarray of the store at the time was documented at the time.

Separately, the allegations submitted by Plaintiffs Shayley Dumpert, Eve Spiegel, Victoria Shellady, and Whitney Sheriff were timely and thoroughly investigated by Defendant, who made a good faith determination that none of the conduct alleged constituted sexual harassment or any other unlawful conduct on the part of coworker Logan Hampton.

Finally, Plaintiffs were provided access to all relevant employment policies and reporting avenues throughout their employment. Thus, Plaintiffs are not entitled to any damages.

## 4. UNDISPUTED FACTS

**The following facts are undisputed by all parties:**

1. Venue is proper within this District under 28 U.S.C. § 1391(b).

## 5. COMPUTATION OF DAMAGES

a. **Plaintiffs**: Plaintiffs seek back pay damages for the full amount of salary to date, plus approximately 33% salary as the value of benefits, minus mitigation earnings, if any. Plaintiffs seek front pay in lieu of reinstatement up to and including through the dates of intended retirement where applicable.

Plaintiffs claim economic losses and compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other losses; Plaintiffs seek punitive damages to maximum amount for all claims allowed by law in an amount to be determined at trial; declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate; as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief.

Plaintiffs additionally seek a tax-offset where appropriate. For the vast majority of Americans, a lump-sum payment of damages will temporarily push them into a higher tax bracket in the year that the award is collected. Plaintiffs intend to request a tax-offset to restore them to their rightful economic status. A tax offset serves to make Plaintiffs whole for the loss of access to money that would have been available but for the Defendants' unlawful conduct. The amount of relief required to make a party whole varies from case to case depending on the individual's tax liability and the size of the award. Generally, the tax offset is calculated by comparing the marginal tax rate for tax-filers of a similar profile (e.g., married, unmarried, family), as found in the IRS Revenue Procedures, and then calculating the percent of additional award needed to offset the bracket creep and higher tax penalty that arises as a result of the one-time lump payment. *See EEOC v. Beverage Dist. Co.*, LLC, Civ. No. 11-cv-02557, 2013 WL 6458735, *7-8 (D. Colo. Dec. 9, 2013), *aff'd in relevant part at* 780 F. 3d 1018, 1023-24 (10th Cir. 2015).

Plaintiffs seek pre- and post-judgment interest at the Colorado Statutory Rate of

5

8%.

Plaintiffs seek attorneys' fees and costs.

Plaintiffs seek injunctive and equitable relief as the Court finds appropriate.

b. Defendants:   Defendant is not requesting any damages at this time, and separately disputes and expressly denies that Plaintiffs are entitled to any damages by virtue of any act or omission on Defendant's part.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on June 29, 2023, via video conference.

**b.  Names of each participant and party he/she represented.**

The following counsel participated in the 26(f) meeting: Siddhartha Rathod and Azra Taslimi represented Plaintiffs and Caroline Donelan appeared on behalf of Defendant.

**c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be made no later than August 16, 2023.

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties have agreed to exchange Rule 26(a)(1) disclosures by August 16, 2023. Defendant LUSH has agreed to disclose Plaintiffs' complete personnel files and all internal investigation files pertaining to Plaintiffs.

6

    **e.**    **Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties have agreed to use a three-day conferral period prior to the issuance of any third-party subpoenas. Before serving a third-party subpoena, the Parties will provide a copy to the other side and allow three days for conferral over any disputes before the subpoena is served on the third-party. Both parties agree to produce material subpoenaed from third party witnesses to the other party as soon as possible, but in any event no later than three days after receiving the materials.

(3) The Parties agree and consent pursuant to Fed.R.Civ.P. 5(b)(2)(E) that discovery and disclosures may be served electronically through the email address of lead counsel, identified in Paragraph 1 of this Scheduling Order.

(4) The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

    **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties anticipate that there will be discovery of electronically stored information such as cell phone data, e-mails, and social media posts, if any. The parties will work together to facilitate the discovery of such information and to produce it in the

7

best format. The Parties agree to adhere to the Sedona principles regarding electronic discovery disputes.

    **h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff and Defendant have discussed the possible settlement of the case and the possibility of engaging in mediation. No agreement has been reached, but the Parties will continue to communicate regarding possible settlement.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    **a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

<u>Plaintiff</u>: None.

<u>Defendant</u>: It may be necessary for Defendant to depose more than ten individuals given that there are four Plaintiffs who each claim various specific factual allegations and damages, allegedly supported by various witnesses or treatment providers.

    **b.  Limitations which any party proposes on the length of depositions.**

The Parties agree to limit the length of depositions to seven (7) hours of actual deposition time.

    **c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose a limit of twenty-five (25) requests for production and twenty-five (25) requests for admission per side.

    **d.**    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** Plaintiffs request this deadline to be set prior to the discovery cut-off date. Defendant's counsel requests this to be 45 days before trial.

    **e.**    **Other Planning or Discovery Orders:** The parties will submit a proposed protective order to the Court for its review. The protective order will accommodate the exchange of confidential documents and information during the discovery process as it relates to confidential third-party information and corporate privacy.

## 9. CASE PLAN AND SCHEDULE

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:** October 2, 2024

    **b.**    **Discovery Cut-off**: April 5, 2024

    **c.**    **Dispositive Motion Deadline**: May 3, 2024

    **d.**    **Expert Witness Disclosure**:

        1. **The parties shall identify anticipated fields of expert testimony, if any.**

<u>Plaintiffs</u>: Plaintiffs may endorse two or more experts to testify with respect to the Plaintiffs' economic damages and human resources standards and practices regarding harassment, internal investigations, and/or employee discipline.

<u>Defendant</u>: Anticipated fields of expert testimony from the defense experts includes possible economic damages, certified mental health examiner to testify on Plaintiffs' allegations of emotional distress.

9

### 2. Limitations which the parties propose on the use or number of expert witnesses.

The Parties propose the following limits on retained experts, not including rebuttal experts:

- Plaintiffs: two (2) retained experts

- Defendant: two (2) retained experts

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 5, 2024.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 17, 2024.**

**e.** Identification of Persons to Be Deposed

*Preliminary List of Depositions*:

**Plaintiff**:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Logan Hampton | 7 hours |
| Sasha Chiglo | 7 hours |
| Caity Yarbrough | 7 hours |
| Beka Morgan | 7 hours |
| Stephen Dynes | 7 hours |
| Tania Flores | 7 hours |
| Rule 30(b)(6) of Defendant LUSH | 7 hours |

**Defendant:**

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Shayley Dumpert | 7 hours |
| Victoria Shellady | 7 hours |
| Eve Spiegel | 7 hours |
| Whitney Sheriff | 7 hours |

| Disclosed Mental Health Providers | 7 hours |

## 10. DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times:

_____

b.     A final pretrial conference will be held in this case on _____at

o'clock _____m. A Final Pretrial Order shall be prepared by the parties and

submitted to the court no later than seven (7) days before the final pretrial

conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a five (5) day jury trial.  Plaintiffs have requested a trial to a

jury.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

11

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of \_\_\_, 20\_\_.

BY THE COURT:

_____
United States Magistrate Judge

**APPROVED:**

**For Plaintiff:**

*s/ Azra Taslimi*
Azra Taslimi
Siddhartha Rathod
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100

Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com
at@rmlawyers.com

**For Defendant:**

Caroline Powell Donelan
Leslie Horwitz
Howard Knee
Blank Rome LLP
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
(424) 239-3400
caroline.donelan@blankrome.com
leslie.horwitz@blankrome.com
howard.knee@blankrome.com

Melissa L. Cizmorris
AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
melissa.cizmorris@akerman.com